### Lemont Water Co. v. Roger J. Au & Son, Inc.

*Edward L. Willard,* for plaintiff.
*Charles C. Brown, Jr.,* for defendant.

CAMPBELL, P. J., May 7, 1970.—Plaintiff is a public utility. Defendant was engaged in constructing a sanitary sewer. To avoid damage to plaintiff's water mains, defendant requested plaintiff to mark their locations. After doing so, plaintiff billed defendant for the cost. Defendant refused payment. The pertinent pleadings consist of a complaint, an answer, affidavits of both parties and defendant's motion for summary judgment.

Plaintiff as a public utility owes a duty to furnish and maintain such reasonable and continuous service as is necessary and proper for the accommodation, convenience and safety of its patrons: Advance Specialty Co., Inc. v. Visco, 18 D. & C. 2d 376, 46 Del. Co. 338 (1959); 39 P. L. Encyc. 583, Waters, §178. This duty would require plaintiff to minimize line breakage and the resultant disruption of service.

Plaintiff's complaint is entitled "in quasi-contract for quantum meruit" and it seeks to recover on the theory of unjust enrichment resulting from a contract implied in law.

A person is enriched if he has received a benefit, a person is unjustly enriched if the retention of the benefit would be unjust. Where a person has received a benefit from another, he is liable to pay therefor only if the circumstances of his receipt or retention are such that as between the two persons it is unjust for him to retain it. See Comments, section 1, Restatement of the Law on Restitution.

Even though defendant receives some benefit from plaintiff's pointing out the location of its lines, we hold that it is not unjust for it to retain this benefit. We squarely hold that it is the duty of a public utility, when necessary, to advise of the location of its lines and that to do so is part of the cost of doing business of the utility. Thus, there is no contract implied in law and no unjust enrichment.

The court would be inclined to grant defendant's motion for summary judgment except for various allegations in defendant's answer and the affidavits filed by the parties. We feel that there are sufficient allegations to create a genuine factual dispute as to whether or not a contract implied in fact exists. See Colish v. Goldstein, 196 Pa. Superior Ct. 188 (1961). We feel obliged to allow the trier of the facts to resolve this issue.

We, therefore, enter the following order:

And now, to wit, May 7, 1970, defendant's motion for summary judgment is refused, and the matter is ordered to trial, limited to the issue as to whether or not a contract implied in fact exists between the parties.